IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SHARON K. BACKES, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-09-103-FHS
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Sharon K. Backes (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 3, 1955 and was 51 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade. Claimant has worked in the past as an optician, retail manager, and sales person. Claimant alleges an

inability to work beginning January 14, 2006 due to chronic back pain and major depression.

## Procedural History

On January 30, 2006, Claimant protectively filed for disability benefits pursuant to Title II and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 30, 2007, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On August 16, 2007, the ALJ issued an unfavorable decision on Claimant's applications. On January 16, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and could perform a full range of medium work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to properly evaluate the opinions of Claimant's mental health

4

counselor and case manager; and (2) failing to properly assess Claimant's residual functional capacity ("RFC").

**Consideration of Opinions of Mental Health Counselor**

Claimant asserts the ALJ failed to consider the opinion of Claimant's mental health counselor, Kathy Loehr. On May 16, 2007, Ms. Loehr was a licensed professional counselor candidate under supervision for licensure. (Tr. 244). She completed a Mental Residual Functional Capacity Questionnaire on Claimant. Ms. Loehr's diagnosis at Axis I: Major Depression, recurrent; Axis II: no diagnosis; Axis III: abscessed tooth, periodontal disease, queasy stomach; Axis IV: access to health care, social environment, economic, housing; Axis V: GAF of 40. (Tr. 240).

Ms. Loehr reports Claimant experiences depression daily with feelings of worthlessness and low energy and motivation. She experiences increased anger, anxiety, and mood swings. Ms. Loehr's prognosis was "guarded as Sharon is very unhappy and depressed." Id.

Ms. Loehr found Claimant to be "unable to meet competitive standards in the areas of maintaining attention for two hour segment, maintaining regular attendance and being punctual within customary and usually strict tolerances, working with or near others without being unduly distracted, getting along with co-

5

workers or peers without distracting them or exhibiting behavioral extremes, making simple work-related decisions, completing a normal workday or workweek without interruption from psychologically based symptoms, performing at consistent pace without unreasonable number of length of rests, responding appropriately to changes in routine work setting, dealing with normal work stress, awareness of and taking precautions against normal hazards, carrying out detailed instructions, setting realistic goals or making independent plans, traveling in unfamiliar places, and using public transportation. (Tr. 242-43).

Ms. Loehr found Claimant to be seriously limited but not precluded from remembering work-like procedures, understanding, remembering, and carrying out very short and simple instructions, understanding and remembering detailed instructions, sustaining an ordinary routine without special supervision, asking simple questions or requesting assistance, accepting instructions from and responding appropriately to criticism from supervisors, and adhering to basic standards of neatness and cleanliness. Id.

Ms. Loehr estimates Claimant would be absent from work more than four days per month. She did not find Claimant to be malingering. She found that if Claimant worked full time with a consistent degree of stress, her symptoms could increase and make

her ineffective. (Tr. 244).

In his decision, the ALJ acknowledged Ms. Loehr's opinions and the completion of the Questionnaire. He found Ms. Loehr to be an "other source" but concluded "the evidence does not show objective medical evidence of a medically determinable physical impairment." (Tr. 20).

Ms. Loehr is not an "acceptable medical source," but rather an "other source" – a characterization Claimant does not challenge. As such, her opinions are considered under the precepts of Soc. Sec. R. 06-03p, which states:

> The fact that a medical opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source" because, as we previously indicated in the preamble to our regulations . . ., "acceptable medical sources" "are the most qualified health care professionals." However, depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an "acceptable medical source" if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion. Giving more weight to the opinion from a medical source who is not an "acceptable medical source" than to the opinion from a treating source does not conflict with the treating source rules in 20 CFR 404.1527(d)(2) and 416.927(d)(2) and SSR 96-2p, "Titles II and XVI: Giving Controlling Weight To Treating Source Medical Opinions."

The record is clear that Ms. Loehr provided a more complete and detailed set of findings than many of the treating sources in the record. The ALJ, by summarily rejecting her opinions, failed to recognize the thoroughness of the assessment. Rather, the ALJ rejected Ms. Loehr's findings out of hand, inexplicably finding the reason for the rejection was the lack of medical evidence of the presence of a physical impairment. This finding makes little sense in connection with Claimant's mental status. On remand, the ALJ shall reconsider Ms. Loehr's statements, make more relevant and complete findings concerning the weight given to her opinions, and make findings in light of the record of Claimant's mental impairments and obvious course of treatment throughout the relevant period.

**RFC Assessment**

Claimant also challenges the ALJ's RFC evaluation, contending the mental aspect of his evaluation was not supported by substantial evidence in light of the ALJ's failure to consider Ms. Loehr's opinions. Because this Court has found error in the analysis of Ms. Loehr's statements regarding Claimant's mental condition, a re-evaluation of Claimant's RFC on remand is in order.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above

8

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE